**Thurman J. BROWN, Plaintiff–Appellant,**

v.

**LEGAL AID SOCIETY, Defendant–Appellee.**

**No. 08–2996–pr.**

United States Court of Appeals, Second Circuit.

Feb. 23, 2010.

Thurman J. Brown, Rome, NY, pro se.

William D. Buckley, Garbarini & Scher, P.C., New York, NY, for Appellee.

PRESENT: DENNIS JACOBS, Chief Judge, GUIDO CALABRESI, Senior Circuit Judge, CHRISTOPHER F. DRONEY,* District Judge.

***SUMMARY ORDER***

New York State prisoner Thurman J. Brown appeals *pro se* from the district

---

* Christopher F. Droney, Judge of the United States District Court for the District of Connecticut, sitting by designation.

court's *sua sponte* dismissal of his complaint brought pursuant to 42 U.S.C. § 1983 for failure to state a claim. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's 28 U.S.C. § 1915A dismissal of a complaint *de novo*. *See Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir.2004). Section 1983 creates a cause of action only against persons acting under color of state law. *See, e.g., Rodriguez v. Phillips*, 66 F.3d 470, 473 (2d Cir. 1995). A "public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981); *accord Rodriguez v. Weprin*, 116 F.3d 62, 65–66 (2d Cir.1997). To the extent Brown attempts to avoid *Dodson's* limitation by alleging that the public defenders in his case conspired with a state court judge to pursue his illegal prosecution, *see Tower v. Glover*, 467 U.S. 914, 920, 104 S.Ct. 2820, 81 L.Ed.2d 758 (1984), this conspiracy allegation is wholly conclusory and, as such, insufficient even at the pleading stage to establish that the public defenders were acting under color of state law. Accordingly, the district court properly dismissed Brown's complaint.

We have considered each of Brown's remaining arguments and find them to be without merit. We remind Brown that he has been warned by this Court that the continued filing of duplicative and meritless appeals will result in the imposition of a leave to file sanction, under which Brown will be required to obtain permission from this Court prior to filing any further submissions in this Court. *See In re Martin–*

*Trigona,* 9 F.3d 226, 229 (2d Cir.1993); *Sassower v. Sansverie,* 885 F.2d 9, 10–11 (2d Cir.1989). For the foregoing reasons, we **AFFIRM** the judgment of the district court.